UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMI FUQUA,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>    Defendant. | Case No. 19-cv-05401-HSG<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL AND TERMINATING AS MOOT IN PART AND DENYING IN PART MOTION FOR EXTENSION OF TIME**<br><br>Re: Dkt. Nos. 25, 26 |

In its February 15, 2023 Order Terminating Motion for Leave to Proceed in Forma Pauperis, the Court explained that "[f]ailure to file an amended complaint in accordance with this order [by March 14, 2023] may result in dismissal of this action without further notice to Plaintiff." Dkt. No. 24 at 1. As of the date of this order, Plaintiff has not filed an amended complaint. Instead, Plaintiff filed a Motion to Appoint Counsel, Dkt. No. 25, and a Motion for Extension of Time, Dkt. No. 26.

## I. MOTION TO APPOINT COUNSEL

"There is no constitutional right to appointed counsel for employment discrimination claims." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). Title VII of the 1964 Civil Rights Act, however, provides that "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant." 42 U.S.C. § 2000e–5(f)(1). A district court is not obligated to appoint counsel in every case. *Johnson v. U.S. Dept. of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991). In exercising its discretion regarding whether to appoint counsel, a district court must assess: "(1) the plaintiff's financial resources, (2) the efforts made by the plaintiff to secure counsel, and (3) whether the plaintiff's claim has merit." *Bradshaw v. Zoological Soc. of San Diego*, 662 F.2d 1301, 1318 (9th

Cir. 1981).

As to the first factor regarding financial resources, Plaintiff is proceeding in forma pauperis. *See* Dkt. No. 8 (order by Judge Corley granting Plaintiff's IFP status). The Court finds that this factor weighs in favor of appointing counsel.

Regarding the second factor, Plaintiff does not explain any efforts she has undertaken to secure counsel. Plaintiff only states that she is "not qualified to legally represent" herself and that she "need[s] assistance from the courts so that [she] can consult with a lawyer." Dkt. No. 25 at 1. In Plaintiff's Motion for Extension of Time, Plaintiff also states she is "in need of accommodations of the Court to assist in finding a pro bono attorney." Dkt. No. 26. The Court finds that this factor weighs against appointing counsel, given the absence of any indication that Plaintiff has tried to secure either retained or pro bono counsel on her own.

Finally, with respect to the third factor, the Court cannot, at this stage, conclude that Plaintiff's claims are likely to be meritorious given the deficiencies in Plaintiff's complaint identified in Judge Corley's October 8, 2019 order (Dkt. No. 8) and summarized in Judge Corley's November 25, 2019 report and recommendation (Dkt. No. 13), none of which Plaintiff has corrected. It also is unclear, as referenced below, why Plaintiff's apparent settlement of the appeal in her 2016 case does not bar this substantially, if not entirely, overlapping case. The Court finds that the third factor weighs against appointing counsel.

Plaintiff's request for appointment of counsel is therefore **DENIED**.

## II. MOTION FOR EXTENSION OF TIME

Plaintiff's motion for extension of time is **TERMINATED AS MOOT** in light of the new deadline for filing an amended complaint set by this order. To the extent Dkt. No. 26 is also a request for appointment of counsel this request is **DENIED** for the same reasons set forth above.

## III. CONCLUSION

Plaintiff's Motion for Appointment of Counsel (Dkt. No. 25) is **DENIED** and Plaintiff's Motion for Extension of Time (Dkt. No. 26) is **TERMINATED AS MOOT IN PART** and **DENIED IN PART** as set forth above.

The Court **DIRECTS** Plaintiff to file a standalone amended complaint (instead of

attachments to an IFP or other motion) that addresses the defects identified by Judge Corley's October 8, 2019 order, Dkt. No. 8, and summarized in Judge Corley's November 25, 2019 report and recommendation, Dkt. No. 13.[1]  In particular, given that Plaintiff stipulated to the dismissal of her appeal in September 2022, *see Fuqua v. United Parcel Service*, No. 16-cv-01193-HSG, Dkt. No. 201, any amended complaint should make clear how the current claims Plaintiff is pursuing in this case are different from the ones she appears to have settled regarding the 2016 case.  If Plaintiff intends to pursue the case, the amended complaint must be filed by August 25, 2023.  The Court once again advises Plaintiff that failure to file an amended complaint in accordance with this order in the time provided very likely will result in dismissal of this action without further notice to Plaintiff.  Having chosen to file this case herself, Plaintiff is required to meet the Court's deadlines and prosecute the case diligently, whether or not she is able to retain an attorney.

The Court again encourages Plaintiff to seek the assistance of the free Legal Help Center operated by the Bar Association of San Francisco. The Legal Help Center sets up appointments to speak with a lawyer for basic legal help, but it does not provide legal representation. Appointments can be scheduled by emailing fedpro@sfbar.org or by calling (415) 782-8982. Plaintiff may also wish to consult the other resources available on the Court's website, at https://cand.uscourts.gov/pro-se-litigants/, for people who are representing themselves without a lawyer.

**IT IS SO ORDERED.**

Dated:   7/21/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] The Court also advises Plaintiff to review the guidance for preparing an amended complaint the Court summarized in its February 15, 2023 order, Dkt. No. 24.