UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMI FUQUA,<br><br>           Plaintiff,<br><br>     v.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>           Defendant. | Case No. 19-cv-05401-HSG<br><br>**ORDER SCREENING COMPLAINT PURSUANT TO 28 USC § 1915**<br><br>Re: Dkt. No. 28 |

Tammi Fuqua, representing herself, filed this civil action in 2019 against her former employer, United Parcel Service, Inc. *See* Dkt. No. 1. The filing of this case followed shortly on the heels of a jury verdict for UPS in another case Ms. Fuqua brought against her employer in 2016. *See* Case No. 16-1193. Along with her complaint, Ms. Fuqua filed a motion for leave to proceed in forma pauperis (IFP). Dkt. No. 2. Judge Corley, the judge then assigned to the case, granted Ms. Fuqua's IFP motion, which relieved her from paying filing fees, but also subjected the complaint to a screening review. Dkt. No. 8 at 1 (citing 28 U.S.C. § 1915(e)(2)). In performing this review, Judge Corley determined that "Ms. Fuqua's complaint fail[ed] to state a claim on which relief may be granted." *Id.* at 1. Judge Corley went on to identify numerous deficiencies with Ms. Fuqua's complaint. As summarized in a later Report and Recommendation, Judge Corley found that Plaintiff:

> (1) appeared to be raising the same issues and claims as she raised in her prior complaint alleging disability discrimination and wrongful termination and seemed to be challenging the judgment entered in UPS's favor in Case No. 16-1193, which she could do in the context of her pending appeal; (2) appeared to allege discrimination based on her race and sex, but she had not exhausted claims based on race or sex with the EEOC; (3) her claim appeared time-barred; and (4) she failed to provide a factual or legal basis for her claims in accordance with

Federal Rule of Civil Procedure 8(d)(1).

Dkt. No. 13 at 2-3 (citations omitted).  Judge Corley granted Plaintiff leave to amend her complaint to address these issues.

Though an amended complaint was not timely filed, the case was reassigned to this Court and stayed in late 2019 while Plaintiff's related appeal was pending.  Dkt. No. 16.  The Ninth Circuit granted the parties' motion for voluntary dismissal of Ms. Fuqua's appeal in September 2022.  Case No. 16-1193, Dkt. No. 201.  This Court then re-opened the case and lifted the stay in October 2022.  Dkt. No. 20.  Ms. Fuqua ultimately did not file an amended complaint until August 25, 2023.

Having reviewed Plaintiff's amended complaint, Dkt. No. 28, the Court finds that she again has not addressed the deficiencies Judge Corley identified.  In fact, the amended complaint compounds them: Ms. Fuqua has added additional discrimination claims (based on national origin and religion) without any additional facts to support these new claims, while not adding anything addressing the deficiencies that Judge Corley identified with respect to the prior claims.  Additionally, Ms. Fuqua has not addressed the issues Judge Corley pointed out with claims that are time-barred or unexhausted (by, for example, dropping those claims or alleging facts showing why these claims can properly proceed).  And most fundamentally, it appears that the crux of Ms. Fuqua's amended complaint still centers on the conduct that was already adjudicated in her prior case, and that conduct cannot be relitigated in this case.  As such, the Court finds that the amended complaint, Dkt. No. 28, again fails to state a claim on which relief may be granted, and accordingly **DISMISSES** it **WITHOUT LEAVE TO AMEND** under 28 U.S.C. § 1915(e)(2).  The Clerk is directed to enter judgment in favor of Defendant and to close the case.

**IT IS SO ORDERED.**

Dated: 10/4/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge